Filed 4/15/14  P. v. Henderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074229 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036550) |
| v. | |
| SETH DUANE HENDERSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Seth Duane Henderson has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed a supplemental brief, making a similar request.  We shall affirm the judgment.

# BACKGROUND

On May 20, 2012, defendant stood on his front porch, intoxicated, yelling obscenities at his next door neighbor, Jessica. Defendant yelled "fuck you" at Jessica and repeatedly threatened her, stating: "I'm going to fuck you up." Jessica's nine-year-old daughter heard the threats; Jessica feared for both her and her daughter's safety.

Defendant pleaded no contest to making criminal threats. (Pen. Code, § 422). He also pleaded no contest to a misdemeanor charge in an unrelated case, Butte County case No. SCR84375. In exchange for his plea, the remaining count (cruelty to a child, Pen. Code, § 273a, subd. (b)) was dismissed with a *Harvey*[1] waiver, along with the charges in another unrelated case. As a result of defendant's plea, the trial court revoked his probation in yet another unrelated case, No. SCR71783.

Shortly after entering his plea, defendant filed a *Marsden*[2] motion and asked to withdraw his plea. The trial court denied both motions.

On April 17, 2013, the trial court sentenced defendant to the upper term of three years in state prison, but stayed execution of that sentence. The court ordered defendant to serve three years of formal probation and to complete a one-year residential substance abuse treatment program as a condition of probation.[3] The court also ordered defendant to pay various fines and fees.

Five notices of appeal were filed from the disposition described above. The first four were filed by defendant himself, from April 24 through May 30, 2013. In three of those notices, defendant requested a certificate of probable cause; each time his request

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] The probation order was for the current conviction as well as defendant's misdemeanor conviction in case No. SCR84375. The court terminated defendant's probation unfavorably in case No. SCR71783.

was denied.  On May 31, 2013, trial counsel filed the fifth notice of appeal but did not request a certificate of probable cause, indicating that the appeal was based on matters occurring after defendant's plea that did not affect the plea's validity.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief asking that we "examine" whether the trial court correctly denied his *Marsden* motion and his motion to withdraw his plea.  He also asks that we determine whether his counsel provided him with adequate representation, noting the timing of counsel's filing of notice of appeal in defendant's case.

First, reviewing the record for error is precisely the function of an appeal filed pursuant to *Wende*, *supra*, 25 Cal.3d 436.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

Second, although counsel filed the fifth of five notices of appeal, his filing was within 60 days of defendant's sentencing and was therefore timely.  While counsel did not request a certificate of probable cause, the trial court had already denied that request three times.  It appears further requests would have been futile.

# DISPOSITION

The judgment is affirmed.

                                                                   DUARTE        , J.

We concur:

        BLEASE        , Acting P. J.

        MURRAY        , J.